IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TREVOR PERRY,
No. 08664-028,

        Petitioner,                      Case No. 18–cv–0028-DRH

vs.

T.G. WERLICH,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Trevor Perry is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. The original Petition is superseded and replaced by the Amended Petition, which is now before the Court for consideration.

In the Amended Petition, Perry asserts that in light of *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), he should not have been subject to the career offender enhancement under the United States Sentencing Guidelines. Perry argues that his prior Indiana conviction for dealing in cocaine or narcotic drugs no longer qualifies as a

1

"controlled substance offense" that triggers an enhanced sentence under the Sentencing Guidelines. The crime of conviction allegedly covers a broader swath of conduct than the generic federal offense because it criminalizes "financing the delivery" of cocaine. Perry claims that the trial court misclassified the Indiana cocaine conviction as a predicate offense in light of *Mathis*, and he asks this Court to vacate his enhanced sentence.

This matter is now before the Court for review of the Amended Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

It is not plainly apparent that the Amended Petition should be dismissed at screening, particularly given the still-developing application of *Mathis* in this context. *See, e.g., United States v. Redden*, 875 F.3d 374 (7th Cir. 2017) (career offender enhancement of sentence based on Illinois controlled substance convictions was proper); *but see United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (Texas offense of delivering a controlled substance includes conduct falling outside § 4B1.2(b) and is therefore not a "controlled substance offense"); *United States v. Madkins*, 866 F.3d 1136, 1145 (10th Cir. 2017) (same conclusion about Kansas law). In light of this, the Court concludes that the Amended Petition

2

survives preliminary review under Rule 4 and Rule 1(b). Accordingly, a response shall be ordered.

**Disposition**

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this order is entered (on or before May 10, 2018).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.10
11:18:39 -05'00'

**United States District Judge**