# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREVOR PERRY,<br>No. 08664-028,<br><br>Petitioner,<br><br>vs.<br><br>T.G. WERLICH,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) Case No. 18-cv-0028-DRH<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Trevor Perry filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the enhancement of his sentence as a career offender under the United States Sentencing Guidelines (USSG). His original Petition has been superseded by the Amended Petition at Doc. 5. He relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss. (Doc. 14). Perry responded to the motion at Doc. 22, and filed a notice regarding supplemental authority at Doc. 23.

### Relevant Facts and Procedural History

Perry was convicted in the Southern District of Indiana of conspiracy to distribute less than 5 grams of cocaine, in violation of 21 U.S.C. § 841(a) and § 846, following a jury trial. (Doc. 5, p. 2); *United States v. Perkins, Perry, et al.*, Case No. 08-cr-0013-RLY-CMM-9 (S.D. Ind.). Judgment was entered on

December 29, 2008, sentencing Perry to 327 months' imprisonment. (Doc. 307 in criminal case).

Perry's conviction and sentence were affirmed on direct appeal. *United States v. Neighbors*, 590 F.3d 485, 498-99 (7th Cir. 2009) (consolidated case with co-defendants). His first motion under 28 U.S.C. § 2255, filed in 2011, was denied on February 12, 2014. *Perry v. United States*, Case No. 11-cv-0045 (S.D. Ind.) (Doc. 39). On Aug. 25, 2015, he filed a previous habeas petition in this Court, *Perry v. Cross*, Case No. 15-cv-944-DRH (S.D. Ill.), raising a claim under *United States v. Johnson*, 135 S. Ct. 2251 (2016). That action was dismissed without prejudice on September 15, 2015.

Soon thereafter, Perry filed a successful motion with the Seventh Circuit seeking authorization for a successive § 2255 motion to pursue the *Johnson* claim. On October 26, 2015, he filed the successive § 2255 motion in the district court, *Perry v. United States*, Case No. 15-cv-145 (S.D. Ind.). However, the motion was denied on May 17, 2017, pursuant to *Beckles v. United States*, 137 S. Ct. 886 (2017) (holding that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause). (Doc. 27 in Case No. 15-cv-145).

### Grounds for Habeas Relief

Perry asserts that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), his Indiana conviction for dealing in cocaine no longer qualifies as a predicate "controlled substance offense" for purposes of the career-offender

guideline enhancement. Applying the analysis in *Mathis* as well as in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), he argues that his conviction under Ind. Code § 35-48-4-1(a)(2) does not fit the definition of "controlled substance offense" found in the Sentencing Guidelines. (Doc. 5, pp. 10-12). According to Perry, this statute is indivisible and criminalizes conduct (specifically, "financing the delivery" of cocaine) that falls outside the federal generic offense defined at USSG § 4B1.2(b). (Doc. 5, pp. 13-21). He argues in the alternative that if the statute is found to be divisible, it is still overbroad when compared to the federal controlled substance definition, because it sets forth different penalties for delivery of differing quantities of drugs. (Doc. 5, pp. 21-23).

## Motion to Dismiss

Respondent argues that the Petition fails to state a claim upon which relief may be granted, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. 14). The motion asserts that under the binding precedent set forth in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), Perry cannot seek relief in this action under § 2241.

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are

3

limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir.2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for

postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## **Analysis**

Perry argues at length that the Indiana statute under which he was convicted for dealing in cocaine no longer qualifies as a predicate "controlled substance offense" for purposes of the career-offender USSG enhancement. (Doc. 5, pp. 13-26). However, the Court need not decide the merits of this argument because, as Respondent points out, Perry cannot bring this *Mathis* claim in a § 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. In the Seventh

Circuit, a claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Perry was sentenced in 2008, well after the *Booker* decision. According to the Motion to Dismiss, Perry's PSR (which is not part of the record available to this Court) calculated a total guideline range of 324-360 months. (Doc. 14, p. 2). His applicable statutory sentencing range was 0-30 years, pursuant to 28 U.S.C. § 841, which Perry admitted was correct in his appeal. *United States v. Neighbors*, 590 F.3d 485, 499 (7th Cir. 2009); (*see also* Doc. 292, p. 2 in criminal case). Perry's 327-month sentence fell below the statutory maximum of 30 years (360 months).

Perry argues that he could not have brought his claim under § 2255 because the argument he raises was foreclosed to him in this Circuit until after *Mathis*. (Doc. 5, pp. 27-28). Even if this premise is accepted to meet the second

6

of the *Davenport* criteria, *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor), so long as the sentence is within the applicable statutory limit. Perry's Petition does not, therefore, meet the criteria to bring his claim within the savings clause of § 2255(e).

Perry argues in his response to the Motion to Dismiss that *Hawkins* does not apply to his case, and that he has a constitutional due process right to be sentenced based on accurate information. (Doc. 22). According to Perry, his sentence was based on inaccurate information because the Indiana drug conviction no longer qualifies, post-*Mathis*, as a predicate crime for the career-offender enhancement.

This attempt to distinguish *Hawkins* is unavailing. A defendant does have a due process right to be sentenced based on accurate information. *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984) (citing *United States v. Tucker*, 404 U.S. 443, 445-46, 92 S. Ct. 589, 591 (1972) and *Townsend v. Burke*, 334 U.S. 736, 68 S. Ct. 1252 (1948)). However, Perry misunderstands the scope of that right.

Due process is violated by reliance on *factually incorrect* information at sentencing. In *Townsend*, the sentencing court mistakenly thought that the defendant had been convicted on several charges when he in fact had been acquitted or the charges had been dropped. *Townsend*, 334 U.S. at 740-41, 68 S. Ct. at 1255. In *Tucker*, the sentencing court was unaware that two of the

defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Tucker*, 404 U.S. at 447-48, 92 S. Ct. at 592. In *Welch*, the sentencing court thought that the defendant had been previously convicted of armed robbery, but the prior conviction was only for robbery. *Welch*, 738 F.2d at 865. See also, *United States v. Melendez*, 819 F.3d 1006, 1012 (7th Cir. 2016) (drug quantity); *United States v. Jones*, 454 F.3d 642, 652 (7th Cir. 2006) (court considered prior conviction that had been overturned).

In Perry's case, the allegedly inaccurate information is not the fact of his prior conviction; it is the conclusion that the prior conviction qualified as a predicate crime for the career offender enhancement. The question of whether a prior crime qualifies as predicate crime is a legal question, not a factual one; therefore, he does not have a viable constitutional due process challenge.

Perry disputes this principle, and attempts to distinguish *Hawkins*. (Docs. 22, 23). However, his argument is unconvincing, and the authorities he cites do not support his position. For example, *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2010), allowed relief from a pre-*Booker* sentence imposed when the Sentencing Guidelines were mandatory; it does not help Perry's challenge to his post-*Booker* sentence. (Doc. 22, pp. 11-12). *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2017), is distinguishable because it was a direct appeal, not a habeas challenge. (Doc. 22, pp. 14-15). *United States v. Kerley*, 838 F.2d 932, 940-41 (7th Cir. 1988) found that the sentencing judge relied on inaccurate factual information regarding the defendant's conduct when formulating the

sentence. (Doc. 22, p. 8). Likewise, the § 2255 challenge (filed jointly by the Government and the defendant) in *United States v. Dixie*, Case No. 07-cr-33-TLS, 2014 WL 3384653 at *1-2, 2014 U.S. Dist. Lexis 93718 (N.D. Ind. July 10, 2014), was based on a factual error (the weight of the drug) that affected sentencing. (Doc. 22, pp. 8-10). Again, the case Perry raises in his "Notice Regarding Supplemental Authority" (Doc. 23) involved a factual error relied upon during sentencing, not a legal error. (Doc. 23, pp. 3-7). *United States v. Miller*, 900 F.3d 509, 513-14 (7th Cir. 2018) (remanding for resentencing on due process grounds because judge miscounted defendant's prior felony convictions at 6, rather than the correct 5 priors).

Perry cites no case wherein an erroneous determination of a legal question was held to be the kind of "inaccurate information" which violated due process, and allowed a challenge to a guideline sentence in the context of a habeas action. This Court's independent research has not identified such a case.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Perry here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career-offender guideline enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court succinctly summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), been sentenced in

9

the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916. Contrary to Perry's argument that this Court should disregard *Hawkins* (Doc. 22, pp. 16-17), it remains binding precedent in this Circuit. Accordingly, the Petition must be dismissed.

### Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**.

Perry's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 5) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of Respondent.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.19 09:57:17 -05'00'

**United States District Judge**